IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KENT TIDWELL                                                                                    PETITIONER

V.                                                                              CAUSE NO.: 1:07CR068-SA
                                                                                              1:09CV250-SA

UNITED STATES OF AMERICA                                                                         RESPONDENT

MEMORANDUM OPINION

Petitioner is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government has submitted a response to the petition, and Petitioner has submitted a reply. Having reviewed the pleadings, the record, and the relevant law, the Court finds that an evidentiary hearing is not necessary,[1] and that the motion should be denied.

*Factual and Procedural Background*

Kent Tidwell pled guilty to conspiracy to possess with intent to distribute methamphetamine and was sentenced to 100 months imprisonment on October 22, 2008. No direct appeal of his sentence was made. Tidwell now contends no appeal was made due to the ineffective assistance of his counsel. In particular, Tidwell asserts that the drug weights adopted by the district court in fashioning its sentence were incorrect based on "newly discovered evidence." That newly discovered evidence, according to Tidwell, is the fact that he was credited with four ounces of methamphetamine sold while he was in the hospital in another state. Tidwell also contends that the weight attributable to him for distribution should be discounted for

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992); see also 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. United States v. Bondurant, 689 F.2d 1246, 1251 (5th Cir. 1982). Therefore, if there is no "independent indicia of the likely merit" of the allegations made in the motion, then no hearing is required. United States v. Edwards, 442 F.3d 258, 264 (5th Cir. 2006) (citation omitted).

personal use. Tidwell further asserts his attorney conducted no pretrial investigation and had he done so, the attorney would have learned Tidwell was in an out-of-state hospital at the time the Government contended he possessed four ounces of methamphetamine.

Tidwell has now filed a Motion to Vacate, Set Aside, or Correct his sentence.

*Standard for 28 U.S.C. § 2255*

After a defendant has been convicted and has exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." United States v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). He may challenge his conviction or sentence after it is final by moving to "vacate, set aside, or correct the sentence" under 28 U.S.C. § 2255. There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; see United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992). "[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995) (quoting United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991)). Relief under § 2255 is therefore reserved for violations of constitutional rights, and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice. United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

*Discussion and Analysis*

To prove that his counsel rendered ineffective representation while defending him or prosecuting his appeal, Kent Tidwell must prove that counsel's representation was deficient, and that the deficiency prejudiced his legal position. Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687, 104 S. Ct. 2052. The court must analyze counsel's actions based upon the circumstances at the time - and must not use the crystal clarity of hindsight. Lavernia v. Lynaugh, 845 F.2d 493, 498 (5th Cir. 1988). The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. 2052 (citation omitted). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. Vuong v. Scott, 62 F.3d 673, 685 (5th Cir.), cert. denied, 516 U.S. 1005, 116 S. Ct. 557, 133 L. Ed. 2d 458 (1995); Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993); Sharp v. Johnson, 107 F.3d 282, 286 n.9 (5th Cir. 1997). To demonstrate "prejudice" in the Strickland sense, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2052. "Failure to establish either prong defeats the claim." Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997). _However, "mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1042-43 (5th Cir. 1998). When considering whether counsel provided ineffective

assistance, the court must presume that "counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ," and a defendant must overcome that presumption. Strickland, 466 U.S. at 689, 104 S. Ct. 2052. As discussed below, Tidwell cannot meet this standard.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). The evidence must have been made known to defense counsel by defendant, and must have been specific, admissible, and significant in order for counsel's failure to investigate to be constitutionally deficient. Carter v. Johnson, 131 F.3d 452, 465 (5th Cir. 1997). Recognizing that in "failure to investigate" cases the temptation to rely on hindsight is strong, the Supreme Court stated that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Drones, 218 F.3d 496, 500 (5th Cir. 2000) (quoting Strickland, 466 U.S. at 690, 104 S. Ct. 2052)).

The additional information must also have been significant enough to alter the outcome of the case. "In order to satisfy the prejudice prong of Strickland, [a defendant] must show 'more than the mere possibility of a different outcome.' [He] must present 'evidence of sufficient quality and force to raise a reasonable probability that,' had it been presented to the jury, the outcome would have been different." Drones, 218 F.3d at 504 (citations omitted); see also Strickland, 466 U.S. at 694, 104 S. Ct. 2052 (in order to show prejudice, defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Tidwell has, in his motion under § 2255, asserted grounds that were not raised on direct appeal. A movant is barred from raising constitutional claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 506 U.S. 1007, 121 L. Ed. 2d 554, 113 S. Ct. 621 (1992); United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991), cert. denied, 502 U.S. 1076, 117 L. Ed. 2d 141, 112 S. Ct. 978 (1992). The cause and prejudice standard applies regardless of whether the petitioner pled guilty or was convicted by a jury. See United States v. Segler, 37 F.3d 1131, 1133 (5th Cir. 1994); Williams v. United States, 805 F.2d 1301 (7th Cir. 1986), cert. denied, 481 U.S. 1039, 95 L. Ed. 2d 818, 107 S. Ct. 1978 (1987). No other types of errors may be raised on collateral review unless the movant demonstrates that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice. Pierce, 959 F.2d at 1301, Shaid, 937 F.2d at 232.

Tidwell indicates that his drug quantity should have been discounted by four ounces, thereby resulting in a lower total offense level. He contends newly discovered evidence supports that reduction. Tidwell does not argue what his total offense level would have been had the four ounces been discounted. Moreover, the evidence Tidwell asserts has been "newly discovered," was known by Tidwell prior to sentencing. Indeed, the hospital stay was indisputably prior to his plea of guilty was entered.

There must be a "reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." United States v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994) (citing Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir.1993)). Accordingly, a court must consider such factors as the defendant's "actual sentence, the potential

minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." Id.

Pursuant to Rule 7, Rules Governing Section 2255 Proceedings, the Court expands the record for consideration to include the Presentence Investigation Report prepared by the United States Probation Service and used by the sentencing judge in formulating Tidwell's sentence. Tidwell's Sentencing Guideline range based on his criminal history points and offense level (based on the 36 ounces of methamphetamine attributed to Tidwell) resulted in a possible range of imprisonment from 151-188 months. However, due to the Government's filing of a 5K1.1 motion indicating Tidwell provided substantial assistance in prosecuting other cases, Judge Pepper sentenced Tidwell to 100 months.

The factual basis underlying Count 1 of the information filed against Kent Van Tidwell attributes 36 ounces of methamphetamine to him. Converting ounces to grams, as the Sentencing Guidelines require, reveals that 36 ounces of methamphetamine equal 1,020.6 grams, or 1.02 kilograms. Using Sentencing Guideline § 2D1.1, the drug quantity tables note that where at least 500 grams but less than 1.5 kilograms of amphetamine are attributable to the defendant, the base offense level is 32.

Tidwell contends he should only be held accountable for 32 ounces. That converts to 907.185 grams of methamphetamine. According to the drug quantity table, Tidwell's base offense level would still be 32.

Further consideration is warranted by Tidwell's Career Offender Status. Tidwell was indicted under 21 U.S.C. § 841 (b)(1)(C), which carries a sentence of a term of imprisonment of

not more than 20 years. As a career offender, which Tidwell does not dispute, Tidwell's offense level would be 32. As this is the same offense level Tidwell would qualify for with either 36 ounces or 32 ounces attributable to him, the Court finds no error in the sentencing judge's calculations.

Tidwell also contends his quantity should be reduced for "personal use." The Fifth Circuit has not recognized a reduction in quantity for narcotics allegedly used for "personal use." Further, Tidwell does not allege what amount would be attributable for his "personal use" during that time period. The Court finds this argument to be without merit.

The petitioner's main concern in his allegations of ineffective assistance of counsel appears to be that his trial counsel did not conduct any pretrial investigative work which would have evidenced that Tidwell spent time in a hospital out of state during the conspiracy. The petitioner asserts his beliefs regarding the allegedly incorrect computation of drug quantity, but fails to bring forth any evidence other than conclusory statements and allegations that he was hospitalized during one of those weeks. The court finds that there is no evidence that petitioner was not ably represented by his counsel, or that Tidwell was unable to inform his counsel of his alleged hospital stay during the time period alleged. The Court has reviewed the Petitioner's ineffective assistance of counsel claims and finds that the Petitioner has failed to convince the Court that his representation fell below an objective standard of reasonable professional service at any time or that the allegedly deficient representation prejudiced the defense so much that the results of the proceeding would have been different. Accordingly, the Court finds no merit to the Petitioner's claim of ineffective assistance of counsel.

*Conclusion*

In sum, all grounds asserted by Tidwell to vacate, set aside, or correct the sentence are without substantive merit and shall be dismissed with prejudice. Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying his § 2255 motion. See 28 U.S.C. § 2253(a), (c)(1). While Petitioner has not filed a notice of appeal in this action, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not made such a showing, and a COA will not issue.

SO ORDERED, this the 2nd day of January, 2013.

                         **/s/ Sharion Aycock**
                         **U.S. DISTRICT JUDGE**